In re proof of the Will of Ruta Kamakea, deceased.

## SUPREME COURT—IN BANCO.

## APRIL TERM—1877.

*Harris, Ch. J., Judd and M' Cully, J. J.*

IN RE PROOF OF THE WILL OF RUTA KAMAKEA, DECEASED.

THE verdict of a jury on an issue of fact in matters of probate and administration, is conclusive of such fact in all further proceedings in probate, unless it be legally set aside.

OPINION OF THE COURT BY M'CULLY, J.

Application for the proof of this will was made to Mr. Justice JUDD, sitting in probate, and at the hearing, Sept. 8th, 1876, testimony was heard at large on the part of the proponents and of the heirs at law, who contested; upon consideration of all which the Court refused probate on the ground that the testator was insane, imbecile, or otherwise *non compos* at the time the will was executed. From this judgment the proponents appealed, stating the ground of appeal to be "that at the time Ruta Kamakea made and executed such last will and testament she was of sound and disposing mind and memory and in every way fitted to make and execute such document." On this issue of facts the appellants claimed a jury under the provisions of the act of 1864, and at the October term obtained this verdict: "Ua lawa ka noonoo maikai o Ruta Kamakea no ka hana ana i palapala kauoha." *i. e.*, "Ruta Kamakea was sufficiently sane and competent to make a will."

Exception was taken to the verdict, and motions filed for arrest of judgment and for a new trial, but upon its appearing that no judgment was asked for in the Supreme Court, the sole issue on which the jury had passed being the com-

In re proof of the Will of Ruta Kamakea, deceased.

petency of the testatrix to make a will, and not the further fact, whether being competent, she had duly executed such, the motion in arrest was withdrawn, and the Court holding that the verdict should be certified back to the Probate Court for judgment on the whole matter, the contestant's counsel likewise withdrew his motion for new trial. The case being so remitted the contestant's counsel then argued the question of the sanity of the testatrix, but the justice held that that fact having been found by the jury was no longer a subject of consideration in the Probate Court, and there being sufficient proof of due execution in respect to signature and attestation, admitted the will to probate, from which judgment appeal has now been taken to the Supreme Court in Banco.

Mr. Jones: The Probate Judge was not bound to render judgment upon the verdict of the jury as taken, but may review the whole circumstances of the case and render judgment *non obstante veredicto*.

The evidence, per the record, does not show a proper execution.

Mr. Brown, contra.

*Per Curiam*. Previous to the Act of 1864 (p. 20) to authorize the trying of "Issues of fact in matters of Probate and Administration by a Jury," it had been held, as stated in the preamble that our statute did not permit an appeal to a jury on matters of fact under investigation in probate, and this Act provided that thereafter any person claiming interest in an estate of a deceased person, which shall exceed five hundred dollars in value, by virtue of a will or by the statutes of descent, who may deem himself aggrieved by the decision of the Probate Judge may, on taking his appeal to the Circuit or Supreme Court, have any matter of fact which is in issue, tried by a jury, and his motion shall not be denied, and the appellee may claim likewise. The object of this law plainly is to give any party to a probate matter the

In re proof of the Will of Ruta Kamakea, deceased.

privilege, by appealing, of the verdict of a jury, instead of the decision of the Probate Judge, or of the full Court in Banco, in all issues of fact. But of what avail would a verdict be if not conclusive upon the matter found; if upon its being certified to the Probate Court, the Judge of Probate may treat it as the mere opinion of twelve or nine men, who have been asked to pass upon it? Such construction would not give any valuable right, never to be denied, to parties asking it, and would leave the settlement of probate cases substantially as before the passage of the Act.

But would there be no remedy against a verdict which ought not to stand? The learned counsel for the contestants remarked in argument that the question of the effect of such a verdict had never been judicially settled here, and we are of opinion that he has mistaken his remedy in not pursuing his motion for a new trial, (probably) under the view that the Probate Court could review the verdict and render judgment notwithstanding. Without doubt all the usual methods of combating a verdict, as by exceptions, motion for new trial, motion in arrest of judgment, are open in these cases, and equally without doubt it is, that if the verdict is not so avoided it must stand as a conclusive and final adjudication. Not having been thus nullified the verdict bound the justice in probate to take as being true that the testatrix was of sound mind, however his own opinion might be, and it likewise binds the Court in Banco.

Looking further upon the evidence of the execution of the will we are satisfied that it conformed to the statute. There were five subscribing witnesses, and if at least two of them signed in presence of the testatrix after she had signed, or marked, the will is not invalidated by others signing not in her presence or after her death.

The judgment of the Probate Court is confirmed.

Cecil Brown for the proponents, appellees.

W. C. Jones for the contestants, appellants.

Honolulu, April 20th, 1877.                    101